UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| DEMONE JOHN FOX #254435 ) | |
| ALLEN D. DANIEL #537193, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09-cv-160 |
| ) | |
| v. ) | HON. GORDON J. QUIST |
| ) | |
| DIANE KOSKINEN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER ADDRESSING**
**PLAINTIFFS' REQUEST TO PROCEED *IN FORMA PAUPERIS***

Plaintiffs Demone John Fox #254435 and Allen D. Daniel #537193, prisoners incarcerated at the Baraga Maximum Correctional Facility (AMF), filed a complaint pursuant to 42 U.S.C. § 1983. Because there are multiple Plaintiffs, each Plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each Plaintiff is liable for $175.00. Any subsequent dismissal of a Plaintiff's case, even if voluntarily, does not negate that Plaintiff's responsibility to pay his portion of the filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Plaintiff Fox's motion to proceed *in forma pauperis* is GRANTED. Normally, a plaintiff must a pay a portion of the civil action filing fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period

immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to the certified copy of Plaintiff Fox's prison trust account statement, Plaintiff had no funds in his account during the period in question. In addition, Plaintiff's affidavit indicates that he has no assets. Therefore, the Court will not require Plaintiff Fox to pay an initial partial filing fee. *McGore*, 114 F.3d at 606 (citing 28 U.S.C. § 1915(b)(1)).

However, Plaintiff Fox is not relieved from paying the $175.00 filing fee when funds become available. *McGore*, 114 F.3d at 606. Plaintiff must pay the $175.00 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 606. These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing fee of $175.00 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

Plaintiff Daniel also seeks leave to proceed *in forma pauperis*. Because Plaintiff Daniel has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Therefore, the court will order Plaintiff Daniel to pay his $175.00 share of the civil action filing fee within thirty days of this opinion and accompanying order, and if Plaintiff Daniel fails to do so, the court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff Daniel will be responsible for

payment of his share of the filing fee in accordance with *In re Alea*, 286 F.3d 378 (6th Cir. April 11, 2002).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners--many of which are meritless--and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir.), *cert. denied*, 525 U.S. 1139 (1999); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff Daniel has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff Daniel's lawsuits, the court entered dismissals on the grounds that they were frivolous, malicious and/or failed to state a claim. *See Daniel v. Paionte et al.*, 2:08-cv-13999 (E.D. Mich. Oct. 7, 2008); *Daniel v. Hofbauer et al.*, 2:08-cv-118 (W.D. Mich. Sept. 26, 2008); *Daniel v. Hackel et al.*, 2:08-cv-14000 (E.D. Mich. Sept. 25, 2008); *Daniel v. Granholm*, No. 2:08-cv-10999 (E.D. Mich. Apr. 11, 2008); *Daniel v. Caruso et al.*, 2:08-cv-11000 (E.D. Mich. Apr. 10, 2008). Moreover, Plaintiff Daniel's allegations do not fall within the exception to the three strikes rule, because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff Daniel from proceeding *in forma pauperis* in this action. Plaintiff Daniel has thirty days from the date of entry of this order to pay his share of the civil action filing fee, or $175.00. If Plaintiff Daniel fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $175.00 filing fee. *In re Alea*, 286 F3d 378, 380-81 (6th Cir. 2002).

The court will screen the complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). After the Court reviews the case, the Court will determine whether dismissal or service of process is appropriate, and will fashion an order accordingly. Should the case be dismissed, voluntarily by Plaintiffs or by the Court, Plaintiffs shall remain responsible for their portion of the filing fee. *McGore*, 114 F.3d at 607.

Dated: August 14, 2009 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
229 Federal Building
202 W. Washington St.
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**