UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMONE JOHN FOX,

        Plaintiff,

v.	Case No. 2:09-CV-160

DIANE KOSKINEN, et al.,	HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Demone John Fox, has filed objections to Magistrate Judge Greeley's February 3, 2011, report and recommendation recommending that Defendants' motion for summary judgment be granted and Plaintiff's motions for injunctive relief be denied. Regarding the motion for summary judgment, the magistrate judge concluded that Plaintiff failed to show that he was denied due process in connection with the misconduct hearings that resulted in Plaintiff being found guilty of the misconduct charges at issue. The magistrate judge further noted that Plaintiff did not deny engaging in the conduct giving rise to the misconduct charges. Moreover, the magistrate judge concluded that Plaintiff failed to show that the misconduct tickets were fabricated, as Plaintiff alleged. With regard to Plaintiff's purported equal protection claim, the magistrate judge concluded that Plaintiff failed to plead sufficient facts to support a viable equal protection claim. Finally, regarding Plaintiff's retaliation claim, the magistrate judge concluded that any such claim fails because Plaintiff cannot show that the misconduct tickets were written because of Plaintiff's grievance filings. In addition, the magistrate judge noted that it is undisputed that Plaintiff engaged in the conduct giving rise to the misconduct tickets.

After conducting a *de novo* review of the report and recommendation, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted. Therefore, the Court will grant Defendant's motion for summary judgment.

Plaintiff's first three, and only substantive, objections relate to his denial of procedural due process claims. Contrary to Plaintiff's assertions, the magistrate judge fully considered whether Plaintiff received procedural protections to which he was entitled under *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963 (1974), and concluded that Plaintiff received due process on the misconduct ticket issued by Defendant Koskinen and on the two misconduct tickets issued by Defendant Turner. The Court concurs with the magistrate judge's analysis on these claims.

Plaintiff also continues to assert that the misconduct tickets written by Defendant Turner were fabricated, but he fails to support this assertion with any evidentiary support. Moreover, as the magistrate judge observed, the hearing officer's findings were supported by facts presented at the disciplinary hearings.

Finally, Plaintiff contends that the magistrate judge failed to fully consider "Plaintiff's piercing of the qualified immunity shield." (Pl.'s Objections at 4.) The Court disagrees. Contrary to Plaintiff's assertion, the magistrate judge considered whether Plaintiff established a constitutional violation as part of his qualified immunity analysis. Whether a plaintiff has alleged a violation of a constitutional right is part and parcel of the qualified immunity determination. *See Holzemer v. City of Memphis*, 621 F.3d 512, 519 (6th Cir. 2010) (citing *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2005)). As the magistrate judge properly concluded, Defendants are entitled to qualified immunity because Plaintiff failed to show a violation of a constitutional right. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 3, 2011 (docket no. 46) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Injunctive Relief (docket nos. 38 and 43) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court can discern no good-faith basis for an appeal. Accordingly, an appeal of this action would not be taken in good faith.

This case is **concluded**.


Dated: March 22, 2011                                              /s/ Gordon J. Quist
                                                                            GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE